UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.                                                                        CRIMINAL ACTION NO. 5:22-cr-00066

THOMAS D. MANNS.

**MEMORANDUM OPINION AND ORDER**

On March 8, 2023, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, denied Defendant Thomas D. Manns' motion to dismiss the indictment filed against him. [Doc. 46]. Mr. Manns timely objected to Magistrate Judge Aboulhosn's order on March 22, 2023. [Doc. 49]. The matter is ready for adjudication.

**I.**

On March 29, 2022, a grand jury returned a one-count indictment and forfeiture allegation against Mr. Manns, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Doc. 1]. Mr. Manns moved to dismiss the indictment on February 28, 2023 [Doc. 41]. The motion was referred to Magistrate Judge Omar J. Aboulhosn. [Doc. 12].

Mr. Manns contends the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). [Doc. 41]. He asserts the plain text of the Second Amendment covers his conduct and that the Government cannot meet its burden of showing that § 922(g)(1) is consistent with this nation's

history. *Id.* The Government responded, disputing whether the Second Amendment protects Mr. Manns' conduct and asserting that § 922(g)(1) is consistent with our history of firearm regulation. [Doc. 44]. The Government cites considerable authority rejecting post-*Bruen* challenges to § 922(g)(1). *Id.* at 11-14.

Magistrate Judge Aboulhosn denied Mr. Manns' motion. [Doc. 46]. While he stated that "it is debatable that such restrictions enjoy a 'longstanding history' in this Nation," *id.* at 8, Magistrate Judge Aboulhosn ultimately concluded that *Bruen* had no impact on § 922(g)(1), *id.* at 8-10. Mr. Manns objects to this conclusion on three grounds. [Doc. 49]. First, he contends that Magistrate Judge Aboulhosn failed to employ the two-part test outlined in *Bruen*. *Id.* at 1-3. Next, he asserts that his conduct is covered by the Second Amendment and thus that the Government must establish § 922(g)(1) is consistent with this nation's tradition of firearm regulation. *Id.* at 3-6. Mr. Manns finally argues that Magistrate Judge Aboulhosn improperly relied on language from the concurring opinions in *Bruen*. *Id.* at 6-9. The Government responded to Mr. Manns' objections, asserting that Magistrate Judge Aboulhosn properly analyzed § 922(g)(1) under the framework outlined in *Bruen*. [Doc. 50].

## II.

Where, as here, a defendant moves to dismiss an indictment, "a judge may . . . designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition" of the motion. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). The Court construes the Magistrate Judge's analysis as the required findings of fact and a recommendation required under § 636(b)(1) ("PF&R").

Upon the filing of a PF&R, the Court is required "to make a de novo determination

of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

Despite raising three separate objections, they collapse into the singular assertion that Magistrate Judge Aboulhosn improperly applied *Bruen*. The Supreme Court in *Bruen* concluded that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects the conduct." *Id.* at 2126. To rebut this presumption, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* Indeed, "[o]nly if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 49 n.10 (1961)).

At the same time, however, the Supreme Court has continuously indicated that § 922(g)(1) complies with the Second Amendment. In *Bruen*, the Supreme Court described the individuals whose conduct was covered by the Second Amendment as "two ordinary, law-abiding, adult citizens." 142 S. Ct. at 2134. Moreover, in its discussion of analogical reasoning and Second Amendment regulations, the Court instructed lower courts to consider "how and why the

regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2132-33. Finally, in a latter part of the opinion, the Court expressed its approval of "shall-issue" licensing regimes, which, unlike the law at issue in *Bruen*, "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'" *Id.* at 2138 n.9 (citing *Heller*, 554 U.S. at 635).

Such restrictive language is nothing new. In *District of Columbia v. Heller*, the Supreme Court explained that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." 554 U.S. 570, 626-27. That statement was reaffirmed in *McDonald v. City of Chicago, Illinois*, 561 U.S. 742, 786 (2010), and, indeed, two of the concurrences in *Bruen* provided the same reassurance. *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring), 2162 (Kavanaugh, J., with whom Roberts, C.J., joined, concurring).

Furthermore, the Court is unaware of any case holding that § 922(g)(1) violates the Second Amendment, and Mr. Manns has pointed to none. Additionally, numerous courts, including my colleagues in this District, have upheld the statute as constitutional, primarily relying on the Supreme Court's clarifying statements. *See, e.g.*, *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *6-9 (S.D. W. Va. Oct. 12, 2022) (Goodwin, J.); *United States v. Spencer*, No. 2:22cr106, 2022 WL 17585782 (E.D. Va. Dec. 12, 2022); *United States v. Dawson*, No. 3:21-CR-00293-RJC-DCK, 2022 WL 17839807 (W.D.N.C. Dec. 21, 2022). Moreover, when striking down firearm regulations under the *Bruen* framework, courts have not addressed the categories expressly approved by the Court. *See Price*, 2022 WL 6968457, at *2-6 (invalidating 18 U.S.C.

§ 922(k), which prohibits possession of a firearm with an obliterated serial number); *United States v. Perez-Gallan*, No. PE:22-CR-00427-DC, 2022 WL 16858516 (W.D. Tex. Nov. 10, 2022) (invalidating 18 U.S.C. § 922(g)(8), which prohibits possession of a firearm while subject to a domestic violence protective order); *United States v. Quiroz*, No. PE:22-CR-00104-DC, 2022 WL 4352482 (W.D. Tex. Sept. 19, 2022) (invalidating 18 U.S.C. § 922(n), which prohibits receipt of a firearm by a person under indictment).

Mr. Manns attempts to avoid the Supreme Court's statements, and the decisions by other courts, by noting that they are not controlling. While it is true that the Supreme Court has not definitely ruled on the constitutionality of § 922(g)(1), courts "routinely afford substantial, if not controlling deference to dicta from the Supreme Court." *Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 281 (4th Cir. 2019) (citing *NLRB v. Bluefield Hosp. Co., LLC*, 821 F.3d 534, 541 n.6 (4th Cir. 2016); *McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176, 181 n.2 (4th Cir. 2012)). Indeed, "'[w]e cannot simply override a legal pronouncement endorsed . . . by a majority of the Supreme Court,' particularly when the supposed dicta 'is recent and not enfeebled by later statements.'" *Hengle v. Treppa*, 19 F.4th 324, 347 (4th Cir. 2021) (quoting *McCravy*, 690 F.3d at 181 n.2). And here, *Bruen* does not enfeeble the statements in *Heller* and *McDonald*. On the contrary, the majority opinion is consistent with them, and the concurrences in fact emphasize them.

Accordingly, while the precise reason remains unclear, the Supreme Court has nevertheless continually indicated that § 922(g)(1) is constitutional. In accordance with that consistent guidance and the overwhelming number of lower court cases hewing thereto, the Court concludes that § 922(g)(1) does not run afoul of the Second Amendment.

## IV.

For the foregoing reasons, the Court **OVERRULES** Mr. Manns' objections [**Doc. 49**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 46**], and **DENIES** Mr. Manns' motion to dismiss the indictment [**Doc. 41**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER: April 27, 2023

Frank W. Volk
United States District Judge